# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Andrei C, <br><br> Petitioner, <br><br> v. <br><br> Todd Lyons, in his capacity as Acting Director, Immigration and Customs Enforcement; Kristi Noem, Secretary, U.S. Department of Homeland Security; Pamela Bondi, U.S. Attorney General; Executive Office for Immigration Review; and David Easterwood, Field Office Director of St. Paul Field Office for U.S. Department of Homeland Security, United States Immigration and Customs Enforcement, Enforcement and Removal Operations, <br><br> Respondents. | No. 26-CV-0166 (SRN/ECW) <br><br> **ORDER** |

Thomas R. Anderson, III, Anderson & Anderson Law, LLC, 2900 Washington Ave. N., Minneapolis, MN 55411, for Petitioner

Ana Voss, U.S. Attorney's Office, 300 S. 4th St., Minneapolis, MN 55415, for Respondents

SUSAN RICHARD NELSON, United States District Judge

Before the Court is the Petition for a Writ of Habeas Corpus ("Petition") [Doc. No. 1] filed by Petitioner Andrei C., who seeks immediate release from detention or, in the alternative, an opportunity for a bond hearing. Respondents oppose the Petition. (Resp'ts' Opp'n [Doc. No. 4].)

1

The Court has taken the Petition under advisement on the papers. For the reasons set forth below, the Petition is granted and the Court orders Andrei C. to be released immediately.

## I. BACKGROUND

### A. Immigration Proceedings

Petitioner is a citizen of Moldova. (Pet. at 3.) Since August 2023, he has resided in Minnesota, where he lives with his wife and minor child. (*Id.*) Petitioner, his wife, and child hold refugee status and were admitted to the United States under § 207(c)(2) of the Immigration and Nationality Act ("INA"). (*Id.* at 2, 5; Ex. A (Pet'r's Proof of Refugee Status & Admission under INA § 207(c)(2).) He has no criminal history. (Pet. at 5.)

In November 2023, United States Customs and Immigration Services ("USCIS") approved Petitioner's application for employment authorization and issued a work authorization card. (Robinson Decl. [Doc. No. 5] ¶ 5; Pet'r's Ex. E (Approval Notice).) On December 14, 2024, USCIS received Petitioner's Form I-485, Application to Register Permanent Residence or Adjust Status. (Robinson Decl. ¶ 6; Pet'r's Ex. I (Receipt of I-485).) William Robinson, a USCIS Deportation Officer, attests that Andrei C.'s Form I-485 Application is currently pending. (Robinson Decl. ¶ 6.) To the best of his family's knowledge and belief, USCIS has never initiated removal proceedings against Petitioner, nor any other formal process of revoking his refugee status. (Pet. at 5.)

On January 9, 2026, USCIS issued a press release concerning the launch of Operation PARRIS [Post-Admission Refugee Reverification and Integrity Strengthening] in Minnesota, "a sweeping initiative reexamining thousands of refugee cases through new

background checks and intensive verification of refugee claims." USCIS, *DHS Launches Landmark USCIS Fraud Investigation in Minnesota*, https://www.uscis.gov/newsroom/news-releases/dhs-launches-landmark-uscis-fraud-investigation-in-minnesota (Jan. 9, 2026).

Two days later, on Sunday, January 11, 2026, ICE arrested Petitioner in Minneapolis. (*Id.* ¶ 7.) That same day, attorney Samantha Paige Matsch filed a G-28 Notice of Representation with ICE and worked with attorney Thomas Anderson (counsel of record in the instant proceedings) in the preparation and filing of the instant Petition. (Matsch Aff. [Doc. No. 7-1] ¶ 2.) Counsel filed the Petition on January 11. (*Id.* ¶ 3.) Later that evening, Petitioner phoned family members and informed him that he was being detained at the Bishop Henry Whipple Federal Building at Fort Snelling, and had learned from ICE officers that he would be transferred to Houston, Texas, the following day, January 12, at 1:00 p.m. (*Id.*)

At 8:00 a.m. on January 12, Ms. Matsch and two of Petitioner's family members visited the Bishop Henry Whipple Federal Building, bringing copies of the Petition, and asked to speak to the officer in charge of Petitioner's case. (*Id.* ¶ 4.) Unable to do so, Ms. Matsch then asked to speak directly with Petitioner. (*Id.* ¶ 5.) She was informed that detainees do not stay overnight at the facility because there are no beds in the building. (*Id.* ¶ 5.) A front desk ICE employee took copies of the Petition to add to Petitioner's file. (*Id.* ¶ 6.)

At 11:32 a.m. on January 12, the undersigned judge ordered Respondents temporarily enjoined and restrained from moving Petitioner out of the District of

Minnesota during the pendency of his Habeas Petition. (Order to Show Cause [Doc. No. 3] ¶ 4.)

On January 13, Petitioner informed his family by telephone that he had been moved to Houston, Texas on the afternoon of January 12. (Matsch Aff. ¶ 7.) The flight had taken place on January 12, after Petitioner's counsel had served the Order to Show Cause on Respondents. (*Id.*) In addition, prior to going to the airport, Petitioner had, in fact, been held in detention at the Bishop Henry Whipple Federal Building, along with other detainees, where they had slept on the floor overnight. (*Id.* ¶ 8.)

While Petitioner was at the Houston Processing Center on January 13, Respondents' representatives attempted to interview him to "re-justify his refugee status." (*Id.* ¶ 10.) The interview did not proceed that day, but officers informed Petitioner that he would be interviewed on January 14. (*Id.*) Petitioner's counsel, Ms. Matsch, received word on January 14 from an immigration officer in Houston that Petitioner's interview was about to proceed. (*Id.*) Ms. Matsch communicated Petitioner's lack of consent to be interviewed in Texas, because he was in Texas in violation of this Court's Order to Show Cause that required him to remain in Minnesota. (*Id.*)

In his Declaration, Deportation Officer Robinson attests that as of January 14, ICE was transferring Petitioner "back to Saint Paul, Minnesota to comply with the court order." (Robinson Decl. ¶ 9.) USCIS's online detainee locator indicates that as of January 15, Petitioner returned to Minnesota, where he remains in USCIS custody. USCIS, *Online Detainee Locator Sys.*, https://locator.ice.gov/odls/#/search (last accessed Jan. 15, 2026).

4

As noted, Petitioner seeks immediate release from detention. He argues that because of his status as a refugee and lack of criminal history, Respondents cannot initiate removal proceedings against him. And because Respondents cannot initiate removal proceedings, he argues that they cannot detain him pending nonexistent removal proceedings. (Reply [Doc. No. 7] at 6.)

In Respondents' one-paragraph response, they invoke their prior positions in non-refugee cases, as set forth in *Avila v. Bondi*, No. 25-3248 (8th Cir. Nov. 10, 2025), currently pending before the Eighth Circuit Court of Appeals. (Resp'ts' Opp'n at 1.)

## II.   DISCUSSION

Under the INA, a "refugee" is defined as

> (A) any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion, or (B) in such special circumstances as the President after appropriate consultation (as defined in section 1157(e) of this title) may specify, any person who is within the country of such person's nationality or, in the case of a person having no nationality, within the country in which such person is habitually residing, and who is persecuted or who has a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42).

Following screening and vetting procedures, refugees may be lawfully admitted to the United States under 8 U.S.C. § 1157. USCIS, *Refugees*, https://www.uscis.gov/humanitarian/refugees-and-asylum/refugees (last visited January

15, 2026).  Admission as a refugee is a distinct lawful immigration status.  After residing in the United States for one year, refugees are required to apply for adjustment of status to lawful permanent residence.  8 U.S.C. § 1159(a).

The Board of Immigration Appeals has held that refugees may not be placed in removal proceedings unless their refugee status has been terminated or their adjustment application denied.  *Matter of Garcia-Alzugaray*, 19 I & N Dec. 407, 410 (BIA 1986).  For example, a refugee may be subject to removal for committing serious crimes, *see, e.g.*, *Xiong v. Gonzales*, 484 F.3d 530, 534 (8th Cir. 2007) (affirming placement of refugee in removal proceedings following conviction of an aggravated felony), or if the noncitizen is found to have not been a refugee as defined in the INA.  8 U.S.C. § 1157(c)(4).

In Respondents' one-paragraph response to the Petition, they rely on arguments raised in *Avila* concerning distinctions between 8 U.S.C. §§ 1225 and 1226.  These distinctions concern differences in detention (mandatory versus discretionary) for noncitizens who arrive at the border versus noncitizens who already reside in the United States.  Respondents' arguments in *Avila* are inapplicable here, as they do not pertain to noncitizens with refugee status.  Because Respondents have failed to materially address any of the arguments made in the Petition, the Court regards the Petition as unopposed.  In contrast, Petitioner has submitted ample evidence in support of his refugee status and his pending adjustment application.  Accordingly, there is no lawful basis for Petitioner's detention, and the Court orders his immediate release.

### III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Petitioner Andrei C.'s Petition for a Writ of Habeas Corpus [Doc. No. 1] is **GRANTED**.

2. Respondents shall release Petitioner from custody **IMMEDIATELY**, but no later than within 48 hours.

3. Respondents shall confirm Petitioner's release within 48 hours from the date of this Order.

Dated: January 16, 2026                                             s/Susan Richard Nelson
                                                                               SUSAN RICHARD NELSON
                                                                               United States District Judge